IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

05/15/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

HUNG HUYNH,                                      )
                                                 )
                    Petitioner,                  )
                                                 )
          v.                                     )          Case No. 26-3042-JWL
                                                 )
DEPARTMENT OF HOMELAND SECURITY;                 )
SAMUEL OLSON, Director ICE Field Office; and     )
United States Attorney General,                  )
                                                 )
                    Respondents.                 )
                                                 )
                                                 )
_____ )

## **MEMORANDUM AND ORDER**

Petitioner, acting through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he seeks relief relating to his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner, a native of Vietnam, entered the United States in 1990 as a lawful permanent resident. In 1995, after petitioner was convicted in Missouri state court of various crimes, he was placed in deportation proceedings; and in 1997, an immigration judge ordered petitioner's deportation to Vietnam. In 2001, immigration officials took petitioner into custody after his release from state custody; and later in 2001 petitioner was released on an order of supervision (OSUP) because his removal did not appear reasonably foreseeable at that time. In December 2025, petitioner's release was revoked; and on February 2, 2026, officials served the revocation on petitioner and took petitioner into custody. Petitioner remains in custody within this judicial district. On March 6, 2026,

petitioner initiated this action by filing his petition; respondents have filed an answer, and petitioner has filed a reply brief, and the matter is therefore ripe for ruling.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). The Court concludes that petitioner has not shown that his detention violates federal law.

By his petition, petitioner appears primarily to challenge the legality of the revocation of this release.[1] Specifically, petitioner claims that immigration officials did not revoke his release based on changed circumstances regarding the likelihood of his removal, as required under the applicable regulations. *See* 8 C.F.R. § 241.13(i)(2) (release may be revoked if, on account of changed circumstances, officials determine that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future). As this Court has previously ruled, the determination of changed circumstances may not be made by the district court in the first instance; rather, the court reviews whether officials

---

[1] The petition is somewhat confusing in this regard. In his claims, petitioner argues that the Government should not be permitted to continue his detention without a determination of a change in circumstances regarding the likelihood of his removal, but he also argues that the Government should be required to make such a determination at a hearing before re-detaining petitioner. In the petition's prayer for relief, petitioner does not request his release, but rather he seeks injunctive and declaratory relief requiring a hearing before petitioner is -re-detained. In the conclusion of his reply brief, petitioner claims that his release was not properly revoked in accordance with applicable regulations, and he urges the Court to grant the petition so that he may return to his family. Thus, the Court has interpreted the petition as also seeking petitioner's release.

2

properly made their own determination. *See Qui v. Carter*, 2025 WL 2770502, at *4 (D. Kan. Sept. 26, 2025) (Lungstrum, J.) (citing *Kong v. United States*, 62 F.4th 608, 620 (1st Cir. 2023)).   The Court has also ruled that, even assuming that officials did not properly make such a determination initially, revocation may be justified by a change in circumstances since that time. *See id.* at *4.   In this case, respondents have submitted evidence that the Government determined that petitioner's removal was more likely because Vietnam has increased the level of its cooperation with the United States regarding the removal of its nationals to that country, as shown by the great increase in the number of such removals in the last year; that the Government has used frequent charter flights to remove aliens successfully to Vietnam in that time; and that Vietnam has consistently issued necessary travel documents for its nationals.   Based on this evidence, the Court concludes that petitioner has not shown that officials failed to make a proper determination of changed circumstances to justify the revocation of petitioner's release, and it therefore denies this claim.

Petitioner also appears to question whether his revocation was properly authorized, but he did not raise this issue in his petition, and instead raises it for the first time in his reply brief.  The Court ordinarily does not consider such claims raised initially by counsel in a reply brief.  Moreover, although petitioner does not dispute that he received a copy of the notice of revocation, he has not submitted a copy of that notice in making this argument to the Court.  The Court concludes that petitioner has not shown that he is entitled to release on this basis.

3

Petitioner also argues for the first time in his reply brief that he was not granted an interview after the revocation as required in the regulations. *See* 8 C.F.R. § 143.13(i)(3). Petitioner has been able in this proceeding to challenge his detention, however, and he has not shown that he suffered any prejudice from the alleged failure by the Government to grant him an interview. *See* Accordingly, the Court denies any claim for relief on this basis. *See Qui*, 2025 WL 2770502, at *2 (petitioner did not show how the lack of an interview prolonged his detention or caused him particular prejudice, and thus any such non-compliance did not warrant release).

Petitioner also appears to argue for the first time in his reply brief that his detention has become unreasonably indefinite. The Court rejects any such statutory claim under the *Zadvydas* framework because petitioner has not yet been detained beyond the presumptively-reasonable period of six months. *See Zadvydas v. Davis*, 533 U.S. 678, 699-701 (2001); *see also Liu v. Carter*, 2025 WL 1207089, at *2 (D. Kan. Apr. 25, 2025) (Lungstrum, J.) (six-month period under *Zadvydas* restarts when an alien is re-detained after revocation of release). Nor has petitioner shown, pursuant to applicable authority, that his detention for this period of time has become unconstitutionally unreasonable.

Petitioner also requests in his petition an injunction against his re-detention without a hearing to determine whether such detention is justified by the required changed circumstances – a request that petitioner has appeared to abandon in his reply brief. The Court denies any such claim for relief. As noted, the Court has found that officials properly made such a determination in this case, and petitioner has not shown that the law requires a pre-detention hearing or any other process beyond that afforded in the regulations.

4

Finally, the Court denies the claim asserted in the petition that petitioner's detention violates the Eighth Amendment.  Petitioner abandoned any such claim in his reply brief, and at any rate, petitioner, by his summary claim lacking any citation to authority, has not shown that he is entitled to any relief for such a violation in a habeas action.  Accordingly, the Court denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of May, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

5